HAWKINS *v.* STATE

No. 40109 May 21, 1956 87 So. 2d 485

*R. S. Tullos, O. O. Weathersby,* Raleigh, for appellant.

*J. R. Griffin,* Asst. Atty. Gen., Jackson, for appellee.

KYLE, J.

The appellant, Ross Hawkins, was tried and convicted at the regular October 1955 term of the Circuit Court of Smith County, on a charge of murder in the killing of his wife, Mrs. Jessie Hawkins, and was sentenced by the court to imprisonment in the state penitentiary for the term of his natural life. From that judgment he prosecutes this appeal.

This is the second time this case has been before us on appeal. See 224 Miss. 309, 80 So. 2d 1. The first trial resulted in a verdict of guilty as charged, and the appellant was sentenced to suffer death by electrocution. Upon appeal to this Court, the judgment of the circuit court was reversed and a new trial granted because of

the admission of incompetent evidence concerning the appellant's collection of the proceeds of life insurance upon the death of his son, which occurred several years prior to the death of Mrs. Hawkins, and the collection of disability benefits under a health and accident policy, which the appellant had purchased for himself, the collection of fire insurance on a gasoline service station, which had been damaged by fire, and the procurement of a policy of insurance on the life of his grandson in which the appellant was named as beneficiary. This Court held that the testimony relating to the above mentioned insurance, which tended to show the commission of other crimes, was in no way related to the crime charged in the indictment; that the testimony was incompetent and was so highly prejudicial that its admission constituted a denial of the appellant's right to a fair and impartial trial.

It is not necessary that we undertake to summarize in this opinion the testimony of the witnesses who testified during the second trial. The facts testified to by the witnesses during the second trial were substantially the same as the facts stated in our former opinion, not including however, the facts relating to the insurance policies mentioned above. No reference was made to the collection of the proceeds of any of the above mentioned insurance policies during the second trial.

The only points argued by the appellant's attorneys as ground for reversal on this appeal are: (1) That the evidence offered on behalf of the State was entirely circumstantial and was insufficient to establish the appellant's guilt beyond every reasonable doubt and to the exclusion of every other reasonable hypothesis; (2) that the court erred in refusing to grant an instruction requested by the appellant which would have informed the jury that the State's evidence was entirely circumstantial; and (3) that the district attorney took an unfair advantage of the appellant in questioning him about

the alleged "accident" at the scene of the killing several days after the killing occurred, and that the district attorney was unfair in his method of cross-examination of the appellant during the trial.

But after a careful examination of the record we are of the opinion that, although there was no eye-witness to the killing other than the appellant himself, the evidence offered on behalf of the State was sufficient to support the verdict of the jury. The appellant claimed that his wife's death resulted from accidental injuries received by her when the front tire of the appellant's automobile blew out and the automobile ran off the road and hit a pine tree. The appellant claimed that his wife was riding on the front seat with him when the car struck the tree, and that she was thrown forward as a result of the impact and her skull crushed by coming in contact with a hinge or other metal part of the car above the instrument panel. But the testimony of the witnesses who arrived at the scene of the alleged accident a short time after the accident occurred, showed clearly that no substantial damage had been done to the car, and the physical facts testified to by the witnesses did not support the appellant's claim that the car had struck the pine tree with great force. The nature of the wound on Mrs. Hawkins' head, the crushed condition of her skull, the absence of any evidence of blood along the side of the automobile, the presence of a pool of blood about six feet from the automobile, the finding of an ice pick only a few feet away, with human blood on it and the appellant's palm prints definitely impressed upon the handle, the finding of an iron rod wrapped with adhesive tape with the odor of coal oil on it in a hole of water in the creek about 500 feet from the place where the car was found,—all of these facts which were clearly established by the testimony of the State's witnesses constituted a chain of circumstantial evidence which in

our opinion was sufficient to support the verdict of the jury.

As stated by this Court in McCann v. State, 13 Smedes & M. 471, decided more than one hundred years ago, "Circumstantial evidence has been received in every age of the common law; and it may rise so high in the scale of belief as to generate full conviction. When after due caution this result is reached, the law authorizes its ministers to act upon it." Where a conviction depends upon circumstantial evidence, the legal test of its sufficiency for that end is its power to satisfy the understanding and conscience of the jury. It is sufficient if the circumstances produce moral certainty, to the exclusion of every reasonable doubt. McCann v. State, supra; Browning v. State, 33 Miss. 47; Sauer v. State, 166 Miss. 507, 144 So. 225; Dickins v. State, 208 Miss. 69, 43 So. 2d 366.

The guilt or innocence of the accused in this case was a question for the jury to decide. The jury determined that Hawkins was guilty. We think their verdict is supported by the overwhelming weight of the evidence.

There was no error in the action of the court in refusing to grant the instructions requested by the appellant which the court refused to grant. The jury was told in other instructions that the evidence against the defendant was circumstantial, that the burden of proof rested upon the State to prove the defendant's guilt beyond a reasonable doubt and to the exclusion of every other reasonable hypothesis than that of guilt, and if the State failed to make such proof it was the duty of the jury to return a verdict of not guilty. In the instructions granted to the State the jury was told that they should convict the appellant only in the event they believed from the evidence beyond a reasonable doubt and to the exclusion of every other reasonable hypothesis consistent with the innocence of the defendant, that the defendant was guilty.

We think there is no merit in the appellant's contention that the district attorney took an unfair advantage of the appellant in questioning him about the alleged accident at the scene of the killing, or that the district attorney was unfair in his method of cross-examination of the appellant. The statements made by the appellant when he was questioned at the scene of the alleged accident several days after the killing occurred, were substantially the same as the statements made by him while he was on the witness stand during the trial. The district attorney's cross-examination of the appellant was vigorous, but we think that his method of cross-examination cannot be justly referred to as unfair. The appellant was not cross-examined concerning any of those matters which we held to be irrelevant in our opinion on the former appeal.

We think that the appellant had a fair trial, and we find no reversible error in the record. The judgment of the lower court is therefore affirmed.

Affirmed.

*McGehee, C.J.*, and *Hall, Ethridge* and *Gillespie, JJ.*, concur.